**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

BRUNO MAZZEO-UNUM,[1]

                                    Plaintiff,

          - v -                                                   Civ. No. 1:11-CV-983
                                                                          (GLS/RFT)

SOCIAL SECURITY ADMINISTRATION, *et al.*,

                                    Defendants.

**APPEARANCES:**                                   **OF COUNSEL:**

MAZZEO UNUM
Plaintiff, *Pro Se*
85 Park Street
Cohoes, New York 10247

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

The Clerk has sent to the Court a Complaint, together with an Application to Proceed *In Forma Pauperis* (IFP) and a Motion to Appoint Counsel, filed by *pro se* Plaintiff Mazzeo Unum Rizzo.  Dkt. No. 1, Compl; Dkt. No. 2, Mot. for IFP; Dkt. No. 3, Mot. Appt. Cnsl.  Because the pleading filed by Plaintiff fails to satisfy basic pleading requirements, as more fully discussed below, this Court recommends dismissal, or, in the alternative, in light of his *pro se* status, an order be issued directing Plaintiff to file an amended complaint should he wish to avoid dismissal of this action.

---

[1] It is not entirely clear to this Court whether there is one Plaintiff pursuing this action, Mazzeo Unum, or if an additional Plaintiff, Mazzeo Unum Rizzo, intends to join the matter.  In some instances, the Complaint only lists Mazzeo Unum as a Plaintiff, while other times there is the addition of Mazzeo Unum Rizzo.  *See* Dkt. No. 1, Compl. at pp. 1, 4, 5, & 8.  While the Complaint seems to be signed by both Plaintiffs, only the latter's signature appears on the Motion for Leave to Proceed *In Forma Pauperis* and Motion to Appoint Counsel.  *See* Dkt. Nos. 2 & 3.  Possibly based upon another action filed in this Court by Bruno Mazzeo-Unum, the Clerk of the Court inadvertently listed "Bruno Mazzeo-Unum" as the Plaintiff herein.  *See Bruno Mazzeo-Unum v. United States Dep't of Housing and Urban Dev., et al.*, 1:09-CV-1420 (LEK/RFT).   Based upon our review of the documents submitted in this case, as confusing as they are, the caption of this case appears to be in error and the Clerk of the Court should substitute "Mazzeo Unum" and "Mazzeo Unum Rizzo" as the Plaintiffs in this matter.

# I.  DISCUSSION

## A.  *In Forma Pauperis* Application

Accompanying Plaintiff's Complaint is a Motion for Leave to Proceed with this Action *In Forma Pauperis*.  Dkt. No. 2.  That Application is incomplete.  In response to Question 3, Plaintiff indicated that he receives money from "a) Business, profession or other self employment", "b) Rent payments, interest or dividends", and "d) Disability or workers compensation payments", yet, he failed to indicated as required the amount received.  Without this information, the Court cannot properly assess his request for *in forma pauperis* status.  Furthermore, if two separate Plaintiffs are included in this action, *see supra* note 1, then each Plaintiff, unless a minor or otherwise incapacitated, must submit an IFP application on his, or her, own behalf.[2]

In the event Plaintiff(s) wishes to proceed with this matter IFP, a completed application must be submitted to the Court for review, otherwise, the full filing fee should be submitted to the Clerk of the Court.  In the event Plaintiff fails to submit another application for IFP or the full filing fee within thirty days of the filing date of this Report-Recommendation and Order, the Clerk shall forward this matter to the assigned District Judge for dismissal.  The Clerk of the Court shall also provide Plaintiff with a blank IFP form.

## B.  Appointment of Counsel

Plaintiff submitted a Motion for Appointment of Counsel utilizing a Form obtained from the Clerk's Office.  Dkt. No. 3.  No where on that form does he indicate his specific efforts to obtain counsel from the private/public sector.  Instead, he categorically states that he contacted "multiple"

---

[2] Again, the identify of the Plaintiff(s) is confusing.  In response to Question 6, "RIZZO" is listed as someone who is dependent on the deponent for support, though there is no relationship between the two individuals.  Yet, the applicant who signed the IFP application is Mazzeo Unum Rizzo.

attorneys.  Such a showing must be made prior to the Court's consideration of a motion to appoint counsel.  *Cooper v. A. Sargenti Co.*, *Inc.*, 877 F.2d 170, 173-74 (2d Cir. 1989) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)).  Furthermore, in *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a court must consider in ruling upon such a motion.  In deciding whether to appoint counsel, the court should first determine whether the indigent's position seems likely to be of substance.  If the claim meets this threshold requirement, the court should then consider a number of other factors in making its determination.  *Terminate Control Corp. v. Horowitz*, 28 F.3d at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d at 61).  Of these criteria, the most important is the merits of the claims, *i.e.*, "whether the indigent's position was likely to be of substance."  *McDowell v. State of New York*, 1991 WL 177271, at *1 (S.D.N.Y. Sept. 3, 1991) (quoting *Cooper v. A. Sargenti & Co., Inc.*, 877 F.2d at 172).  Indigents do not have to demonstrate that they can win their cases without the aid of counsel, but, they do have to show likely merit.  *Id.*

This action was only recently commenced.  The Court has not yet directed service upon the Defendants, and, as explained more fully below, the Complaint is devoid of any factual allegations. In this regard, Plaintiff does not meet the first requirement imposed by the Second Circuit for applications seeking appointment of *pro bono* counsel.  *See Harmon v. Runyon*, 1997 WL 118379 (S.D.N.Y. Mar. 17, 1997).

In light of the foregoing, the Court **denies** Plaintiff's Motion for Appointment of Counsel (Dkt. No. 3) **without prejudice**.

### C.  Rules Governing Pleading Requirements

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a

clam for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2).  The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy) (other citations omitted)).  Rule 8 also provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

Furthermore, each allegation "must be simple, concise, and direct." *Id*. at 8(d).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:

> **(b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).

The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Sandler v. Capanna*, 1992 WL 392597, at *3 (E.D. Pa. Dec. 17, 1992 (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1323 at 735 (1990)).

A complaint that fails to comply with these Rules presents too heavy of a burden for the defendants in shaping a comprehensive defense, provides no meaningful basis for a court to assess the sufficiency of a plaintiff's claims, and may properly be dismissed by the court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996) (McAvoy).  As the Second Circuit has stated, "[w]hen

a complaint does not comply with the requirement that it be short and plain, the Court has the power, on its own initiative, . . . to dismiss the complaint." *Salhuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Hudson v. Artuz*, 1998 WL 832708, at *2 (internal quotation marks and citation omitted). In those cases in which the court dismisses a *pro se* complaint for failure to comply with these Rules, it should afford the plaintiff leave to amend the complaint to state a claim that is on its face nonfrivolous. *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

### D. Allegations Contained in the Complaint

A review of the Complaint herein reveals that such pleading clearly fails to satisfy the requirements of the above-mentioned Federal Rules. The Complaint is, at best, disjointed and confusing. In forming his "Complaint," Plaintiff utilizes the Court's *pro forma* complaints utilized in civil rights actions brought pursuant to 42 U.S.C. § 1983, and claims for employment discrimination based upon age pursuant to 29 U.S.C. §§ 621-634. However, much of the pre-printed information included in such forms, such as the jurisdictional basis, is crossed out. For all other sections where specific facts are solicited, Plaintiff simply states that the reader should refer to the "civil/criminal cover sheets." Essentially, the Complaint is completely devoid of any factual allegation against any specific Defendant by which this Court can assess the nature of the suit and any wrongdoing by any particular Defendant. The *pro forma* Civil Cover Sheet attached to his Complaint provides no further insight as multiple options are selected. Nor do the six hundred and ten pages attached to the Complaint shed any insight into what type of action Plaintiff is attempting to state. After reviewing Plaintiff's Complaint and attachments, the Court is absolutely befuddled

-5-

as to why Plaintiff has sought Court intervention.

Since Plaintiff's Complaint plainly does not comply with the requirements of the above-mentioned pleading rules, and in its current form, the pleading fails to state a cause of action, we recommend that dismissal is appropriate. However, in light of his *pro se* status, we alternatively recommend that the District Judge provide Plaintiff an opportunity to amend his pleading to cure the deficiencies outlined above, with the warning that failure to submit an amended pleading will result in dismissal of this action.

Should Plaintiff be directed by the District Judge to file an amended complaint, we offer the following guidance. Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff**, must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit and must bear the case number assigned to this action. Plaintiff must also clearly state the nature of the suit and the basis for this Court's jurisdiction. The body of Plaintiff's amended complaint must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus, if Plaintiff claims that his civil and/or constitutional rights were violated by more than one Defendant, or on more than one occasion, he should include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff's amended complaint shall also assert claims against each and every Defendant

*-6-*

named in such complaint; **any Defendant not named in such pleading shall not be a Defendant in the instant action**.[3]  Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into his amended complaint by reference.  **Plaintiff shall state in the single amended complaint all claims that he wishes this Court to consider as a basis for awarding Plaintiff relief herein; his failure to file such a pleading will result in dismissal of this action without further Order of the Court**.

**WHEREFORE**, it is hereby

**ORDERED**, that the Clerk of the Court should substitute "Mazzeo Unum" and "Mazzeo Unum Rizzo" as the Plaintiffs in this matter instead of "Bruno Mazzeo-Unum"; and it is further

**ORDERED**, that Plaintiff's Motion to Proceed with this Action *In Forma Pauperis*, (Dkt. No. 2) is **denied** without prejudice.  In the event Plaintiff wishes to continue with this action, he must, within thirty (30) days of the filing date of this Report-Recommendation and Order, either submit another *in forma pauperis* application that includes all of the requisite information or submit the full filing fee.  If, after the expiration of thirty (30) days, Plaintiff fails to either submit a new application or the filing fee, the Clerk of the Court should forward this matter to the assigned District Judge for dismissal; and it is further

**ORDERED**, that Plaintiff's Motion for Appointment of Counsel (Dkt. No. 3) is **denied without prejudice** to renew at some future time.  Any future motion for appointment of counsel must be accompanied by documentation that substantiates Plaintiff's efforts to retain counsel on his

---

[3] Apparently, on August 30, 2011, Plaintiff re-visited the Clerk's Office to provide additional evidence in support of his Complaint and provide a summons for the Municipal Building and Court.  Upon questioning from Clerk's Office staff, Plaintiff claimed this party was mentioned in his Complaint, however, because it was not listed as a defendant, it was not added to the Docket Report.  If Plaintiff seeks to initiate a claim against the Municipal Building and Court, he must specifically list it within his amended complaint and note the basis for its inclusion.

own; and it is further

      **RECOMMENDED**, that this action be **dismissed** due to Plaintiff's failure to comply with Federal Rules of Civil Procedure 8 and 10; and it is further

      **RECOMMENDED**, that in light of Plaintiff's *pro se* status, prior to any dismissal, Plaintiff be afforded an opportunity to amend his Complaint consistent with the instructions above.  In any amended complaint that Plaintiff files, he must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure and any other terms the Court deems proper.  Plaintiff must also allege claims of misconduct or wrongdoing against Defendants that he has a legal right to pursue and over which this Court has jurisdiction; and it is further

      **ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on Plaintiff by regular mail.

      Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.

**<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(e).

Date:    October 4, 2011
        Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge

-8-